the instant merchandise, and that such statutory values for the articles in question are the appraised values less additions made by the importers on entry because of advances in similar cases.

## I. MAGNIN & CO. v. UNITED STATES

**No. 6638.**—Invoice dated London, England, May 1, 1946.
Certified May 2, 1946.
Entered at New York, N. Y., June 10, 1946.
Entry No. 767336.

(Decided December 17, 1946)

*Siegel, Mandell & Davidson* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

COLE, Judge (Abstract): These appeals for reappraisement of various items of merchandise concern the so-called British purchase tax, described in the law of the United Kingdom entitled, "Finance (No. 2) Act 1940 3 & 4 Geo. 6 Ch. 48." The said tax was held not to be an item to be included in foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. §1402 (c)). *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. 183, C. A. D. 334.

The agreed set of facts, embodied in the stipulation of submission, establishes that export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1402 (d)), is the proper basis for appraisement of the instant merchandise, and that such statutory values of the articles in question are the appraised values, less additions made by the importer on entry because of advances in similar cases.

## AMERICAN SHIPPING CO. ET AL. v. UNITED STATES

**No. 6639.**—Invoices dated Arbroath, Scotland, March 18, 1941, etc.
Certified March 19, 1941, etc.
Entered at Chicago, Ill., May 28, 1941, etc.
Entry No. C 5576, etc.

(Decided December 18, 1946)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of

the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

J. E. BERNARD & CO., INC. (CAPPER & CAPPER, LTD.) v. UNITED STATES

**No. 6640.**—Invoices dated London, England, August 18, 1941, etc.
　　　　Certified August 18, 1941, etc.
　　　　Entered at Chicago, Ill., September 29, 1941, etc.
　　　　Entry No. 1072, etc.

(Decided December 18, 1946)

*Wallace & Schwartz* (*Joseph Schwartz* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

GRAMAPHONE SHOP, INC. (FREEDMAN & SLATER, INC.), ET AL. v. UNITED STATES

**No. 6641.**—Invoices dated London, England, August 10, 1942, etc.
　　　　Entered at New York, N. Y., October 7, 1942, etc.
　　　　Entry No. 708320, etc.

(Decided December 18, 1946)

*Siegel, Mandell & Davidson* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.